# EXHIBIT 1

ROHIT K. SINGLA (SBN 213057)
JASON RANTANEN (SBN 229404)
MUNGER, TOLLES & OLSON LLP
560 Mission St., 27th Floor
San Francisco, CA 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
Email: rohit.singla@mto.com

PAUL F. FEHLNER (*pro hac vice*)
LISA D. TYNER (*pro hac vice*)
BAKER BOTTS LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-2527
Facsimile: (212) 259-2527
Email: paul.fehlner@bakerbotts.com
Email: lisa.tyner@bakerbotts.com

JAMES W. CANNON, JR. (*pro hac vice*)
SHANNON H. HUTCHESON (*pro hac vice*)
SCOTT D. POWERS (*pro hac vice*)
BAKER BOTTS L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701
Telephone: (512) 322-2653
Facsimile: (512) 322-8353
Email: jim.cannon@bakerbotts.com
Email: shannon.hutcheson@bakerbotts.com
Email: scott.powers@bakerbotts.com

Attorneys for Plaintiffs ABBOTT DIABETES
CARE INC. and ABBOTT LABORATORIES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| ABBOTT DIABETES CARE INC. and ABBOTT LABORATORIES,<br><br>Plaintiffs,<br><br>vs.<br><br>AGAMATRIX, INC.,<br><br>Defendant. | CASE NO. C 06 07268-JF<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Abbott Diabetes Care Inc. ("ADC"), formerly known as TheraSense, Inc., and Abbott Laboratories ("Abbott") bring this action for patent infringement against defendant AgaMatrix, Inc. ("Agamatrix"), and each alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

## THE PARTIES

1. ADC is a Delaware corporation with its principal place of business in Alameda, California. ADC is a worldwide leader in the development, manufacture and marketing of blood glucose self-monitoring systems. The ADC systems feature very small sample size, rapid test results, and less painful testing systems for people with diabetes.

2. Abbott is an Illinois corporation that maintains its principal offices and research facilities in Abbott Park, Illinois. ADC is a wholly-owned subsidiary of Abbott. Abbott is a worldwide leader in the area of pharmaceutical products and medical devices.

3. ADC and Abbott (collectively "Plaintiffs") are informed and believe, and on that basis allege, that Defendant Agamatrix is a Delaware corporation with its principal place of business in Salem, New Hampshire. Agamatrix may be served with process by serving its registered agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, (302) 658-7581.

## JURISDICTION

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this is a civil action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has personal jurisdiction over Agamatrix because Agamatrix regularly conducts business in this District and has committed acts of patent infringement in this District.

**VENUE**

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Agamatrix is subject to personal jurisdiction in this District and Agamatrix has committed acts of patent infringement and regularly does business in this District.

**INTRADISTRICT ASSIGNMENT**

6.     This is a patent infringement suit. Accordingly, pursuant to Civil L.R. 3-2(c), this case may be assigned to any division within the District.

**FACTUAL BACKGROUND**

7.     Masao Gotoh, Hiroki Mure, and Hiroshi Shirakawa are the inventors of U.S. Patent No. 6,071,391 (the "'391 Patent") entitled "Enzyme Electrode Structure," attached as Exhibit A; U.S. Patent No. 6,156,173 (the "'173 Patent") entitled "Enzyme Electrode Structure," attached as Exhibit B; U.S. Patent No. 6,503,381 (the "'381 Patent") entitled "Biosensor," attached as Exhibit C; and U.S. Patent No. 6,893,545 (the "'545 Patent") entitled "Biosensor," attached as Exhibit D. These patents are directed to glucose test strips and meters and the use thereof.

8.     Benjamin J. Feldman, Adam Heller, Ephraim Heller, Fei Mao, Joseph A. Vivolo, Jeffrey V. Funderburk, Fredric C. Coleman, and Rajesh Krishnan are the inventors of U.S. Patent No. 6,338,790 (the "'790 Patent"), entitled "Small Volume In Vitro Analyte Sensor With Diffusible or Non-Leachable Redox Mediator," attached as Exhibit F. This patent is directed to glucose test strips and meters and the use thereof.

9.     Adam Heller, Benjamin J. Feldman, James Say, and Mark S. Vreeke are the inventors of U.S. Patent No. 6,143,164 (the "'164 Patent"), entitled "Small Volume In Vitro Analyte Sensor," attached hereto as Exhibit G. This patent is directed to glucose test strips and meters and the use thereof.

10.     Hugh Allen Oliver Hill, Irving John Higgins, James Michael McCann, and Graham Davis are the inventors of U.S. Patent No. 5,820,551 (the "'551 Patent"), entitled "Strip Electrode With Screen Printing," attached hereto as Exhibit H. This patent is directed to glucose test strips and meters and the use thereof.

11.     As more fully described herein, Plaintiffs have succeeded to all rights in, and now own, the '391, '173, '381, '545, '790, '164, and '551 Patents.

12.     On information and belief, Agamatrix received approval from the Food and Drug Administration (FDA) in January 2006 to sell a glucose test strip and meter that infringe the aforementioned patents.

13.     On information and belief, Agamatrix imports and sells these infringing glucose strips and meters in this District and throughout the United States. Unless enjoined, Agamatrix will continue to import and sell the infringing glucose strips and meters in this District and throughout the United States.

**FIRST CAUSE OF ACTION**

**(Patent Infringement – United States Patent No. 6,071,391)**

14.     Plaintiffs incorporate the allegations set forth in the foregoing paragraphs as though fully set forth herein.

15.     On June 6, 2000, the Patent and Trademark Office (the "PTO") duly issued to Masao Gotoh, Hiroki Mure, and Hiroshi Shirakawa the '391 Patent, entitled "Enzyme Electrode Structure," a true and correct copy of which is attached hereto as Exhibit A. Messrs. Gotoh et al. assigned the '391 Patent to NOK Corporation, which then assigned the patent to TheraSense, Inc. As the successor in interest to TheraSense, Inc., ADC is the assignee of the '391 Patent. A document reflecting the change of name of the assignee from TheraSense, Inc. to ADC has been

submitted for recordation with the U.S. Patent and Trademark Office. A true and correct copy is attached hereto as Exhibit E.

16. The '391 Patent has been in full force and effect since its issuance. Plaintiffs own the entire right, title, and interest in and to the '391 Patent, including the right to sue for past, present, and future infringements thereof.

17. Agamatrix has engaged in one or more acts that constitute infringement of the '391 Patent within the meaning of 35 U.S.C. § 271, including, but not limited to, the sale, offer to sell, use, and importation of the above-described glucose strips and meters.

18. Agamatrix's activities have been without express, or implied, license by Plaintiffs.

19. On information and belief, Agamatrix knew of and willfully and deliberately infringed the '391 Patent.

20. As a result of Agamatrix's infringing conduct, Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law. Plaintiffs will continue to suffer such injury unless Agamatrix's infringement of the '391 Patent is enjoined.

21. Plaintiffs have been damaged, and will be further damaged, as a result of Agamatrix's infringement of the '391 patent and are entitled to be compensated for such damages in an amount not yet determinable, but which will be determined at trial.

### SECOND CAUSE OF ACTION

**(Patent Infringement – United States Patent No. 6,156,173)**

22. Plaintiffs incorporate the allegations set forth in the foregoing paragraphs as though fully set forth herein.

23. On December 5, 2000, the PTO duly issued to Masao Gotoh, Hiroki Mure, and Hiroshi Shirakawa the '173 Patent, entitled "Enzyme Electrode Structure," a true and correct

copy of which is attached hereto as Exhibit B. Messrs. Gotoh et al. assigned the '173 Patent to NOK Corporation, which then assigned the patent to TheraSense, Inc. As the successor in interest to TheraSense, Inc., ADC is the assignee of the '173 Patent. A document reflecting the change of name of the assignee from TheraSense, Inc. to ADC has been submitted for recordation with the U.S. Patent and Trademark Office. Exhibit E.

24. The '173 Patent has been in full force and effect since its issuance. Plaintiffs own the entire right, title, and interest in and to the '173 Patent, including the right to sue for past, present, and future infringements thereof.

25. Agamatrix has engaged in one or more acts that constitute infringement of the '173 Patent within the meaning of 35 U.S.C. § 271, including, but not limited to, the sale, offer to sell, use, and importation of the above-described glucose strips and meters.

26. Agamatrix's activities have been without express, or implied, license by Plaintiffs.

27. On information and belief, Agamatrix knew of and willfully and deliberately infringed the '173 Patent.

28. As a result of Agamatrix's infringing conduct, Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law. Plaintiffs will continue to suffer such injury unless Agamatrix's infringement of the '173 Patent is enjoined.

29. Plaintiffs have been damaged, and will be further damaged, as a result of Agamatrix's infringement of the '173 patent, and are entitled to be compensated for such damages in an amount not yet determinable, but which will be determined at trial.

### THIRD CAUSE OF ACTION

(Patent Infringement – United States Patent No. 6,503,381)

30. Plaintiffs incorporate the allegations set forth in the foregoing paragraphs as though fully set forth herein.

31. On January 7, 2003, the PTO duly issued to Masao Gotoh, Hiroki Mure, and Hiroshi Shirakawa the '381 Patent, entitled "Biosensor," a true and correct copy of which is attached hereto as Exhibit C. Messrs. Gotoh et al. assigned the '381 Patent to NOK Corporation, which then assigned the patent to TheraSense, Inc. As the successor in interest to TheraSense, Inc., ADC is the assignee of the '381 Patent. A document reflecting the change of name of the assignee from TheraSense, Inc. to ADC has been submitted for recordation with the U.S. Patent and Trademark Office. Exhibit E.

32. The '381 Patent has been in full force and effect since its issuance. Plaintiffs own the entire right, title, and interest in and to the '381 Patent, including the right to sue for past, present, and future infringements thereof.

33. Agamatrix has engaged in one or more acts that constitute infringement of the '381 Patent within the meaning of 35 U.S.C. § 271, including, but not limited to, the sale, offer to sell, use, and importation of the above-described glucose strips and meters.

34. Agamatrix's activities have been without express, or implied, license by Plaintiffs.

35. On information and belief, Agamatrix knew of and willfully and deliberately infringed the '381 Patent.

36. As a result of Agamatrix's infringing conduct, Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law. Plaintiffs will continue to suffer such injury unless Agamatrix's infringement of the '381 Patent is enjoined.

37. Plaintiffs have been damaged, and will be further damaged, as a result of Agamatrix's infringement of the '381 patent, and are entitled to be compensated for such damages in an amount not yet determinable, but which will be determined at trial.

## FOURTH CAUSE OF ACTION

### (Patent Infringement – United States Patent No. 6,893,545)

38.   Plaintiffs incorporate the allegations set forth in the foregoing paragraphs as though fully set forth herein.

39.   On May 17, 2005, the Patent and Trademark Office (the "PTO") duly issued to Masao Gotoh, Hiroki Mure, and Hiroshi Shirakawa the '545 Patent, entitled "Biosensor," a true and correct copy of which is attached hereto as Exhibit D. Messrs. Gotoh et al. assigned the '545 Patent to NOK Corporation, which then assigned the patent to TheraSense, Inc. As the successor in interest to TheraSense, Inc., ADC is the assignee of the '545 Patent. A document reflecting the change of name of the assignee from TheraSense, Inc. to ADC has submitted for recordation with the U.S. Patent and Trademark Office. Exhibit E.

40.   The '545 Patent has been in full force and effect since its issuance. Plaintiffs own the entire right, title, and interest in and to the '545 Patent, including the right to sue for past, present, and future infringements thereof.

41.   Agamatrix has engaged in one or more acts that constitute infringement of the '545 Patent within the meaning of 35 U.S.C. § 271, including, but not limited to, the sale, offer to sell, use, and importation of the above-described glucose strips and meters.

42.   Agamatrix's activities have been without express, or implied, license by Plaintiffs.

43.   On information and belief, Agamatrix knew of and willfully and deliberately infringed the '545 Patent.

44.   As a result of Agamatrix's infringing conduct, Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law. Plaintiffs will continue to suffer such injury unless Agamatrix's infringement of the '545 Patent is enjoined.

45. Plaintiffs have been damaged, and will be further damaged, as a result of Agamatrix's infringement of the '545 patent, and are entitled to be compensated for such damages in an amount not yet determinable, but which will be determined at trial.

## FIFTH CAUSE OF ACTION

### (Patent Infringement – United States Patent No. 6,338,790)

46. Plaintiffs incorporate the allegations set forth in the foregoing paragraphs as though fully set forth herein.

47. On January 15, 2002, the Patent and Trademark Office (the "PTO") duly issued to Benjamin J. Feldman, Adam Heller, Ephraim Heller, Fei Mao, Joseph A. Vivolo, Jeffrey V. Funderburk, Fredric C. Coleman, and Rajesh Krishnan, the '790 Patent, entitled "Small Volume In Vitro Analyte Sensor With Diffusible or Non-Leachable Redox Mediator," a true and correct copy of which is attached hereto as Exhibit F. Messrs. Feldman et al. assigned the '790 Patent to TheraSense, Inc. As the successor in interest to TheraSense, Inc., ADC is the assignee of the '790 Patent. A document reflecting the change of name of the assignee from TheraSense, Inc. to ADC has been recorded with the U.S. Patent and Trademark Office at Reel 019440/Frame 0877.

48. The '790 Patent has been in full force and effect since its issuance. Plaintiffs own the entire right, title, and interest in and to the '790 Patent, including the right to sue for past, present, and future infringements thereof.

49. Agamatrix has engaged in one or more acts that constitute infringement of the '790 Patent within the meaning of 35 U.S.C. § 271, including, but not limited to, the sale, offer to sell, use, and importation of the above-described glucose strips and meters.

50. Agamatrix's activities have been without express, or implied, license by Plaintiffs.

51. On information and belief, Agamatrix knew of and willfully and deliberately infringed the '790 Patent.

52. As a result of Agamatrix's infringing conduct, Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law. Plaintiffs will continue to suffer such injury unless Agamatrix's infringement of the '790 Patent is enjoined.

53. Plaintiffs have been damaged, and will be further damaged, as a result of Agamatrix's infringement of the '790 patent, and are entitled to be compensated for such damages in an amount not yet determinable, but which will be determined at trial.

## SIXTH CAUSE OF ACTION

### (Patent Infringement – United States Patent No. 6,143,164)

54. Plaintiffs incorporate the allegations set forth in the foregoing paragraphs as though fully set forth herein.

55. On November 7, 2000, the Patent and Trademark Office (the "PTO") duly issued to Adam Heller, Benjamin J. Feldman, James Say, and Mark S. Vreeke the '164 Patent, entitled "Small Volume In Vitro Analyte Sensor," a true and correct copy of which is attached hereto as Exhibit G. Messrs. Heller et al. assigned the '164 Patent to E. Heller & Company, which then assigned the patent to Therasense, Inc. As the successor in interest to TheraSense, Inc., ADC is the assignee of the '164 Patent. A document reflecting the change of name of the assignee from TheraSense, Inc. to ADC has been recorded with the U.S. Patent and Trademark Office at Reel 019440/Frame 0877.

56. The '164 Patent has been in full force and effect since its issuance. Plaintiffs own the entire right, title, and interest in and to the '164 Patent, including the right to sue for past, present, and future infringements thereof.

57. Agamatrix has engaged in one or more acts that constitute infringement of the '164 Patent within the meaning of 35 U.S.C. § 271, including, but not limited to, the sale, offer to sell, use, and importation of the above-described glucose strips and meters.

58. Agamatrix's activities have been without express, or implied, license by Plaintiffs.

59. On information and belief, Agamatrix knew of and willfully and deliberately infringed the '164 Patent.

60. As a result of Agamatrix's infringing conduct, Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law. Plaintiffs will continue to suffer such injury unless Agamatrix's infringement of the '164 Patent is enjoined.

61. Plaintiffs have been damaged, and will be further damaged, as a result of Agamatrix's infringement of the '164 patent, and are entitled to be compensated for such damages in an amount not yet determinable, but which will be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Patent Infringement – United States Patent No. 5,820,551)

62. Plaintiffs incorporate the allegations set forth in the foregoing paragraphs as though fully set forth herein.

63. On October 13, 1998, the Patent and Trademark Office (the "PTO") duly issued to Hugh Allen Oliver Hill, Irving John Higgins, James Michael McCann, and Graham Davis the '551 Patent, entitled "Strip Electrode With Screen Printing," a true and correct copy of which is attached hereto as Exhibit H. Messrs. Hill et al. assigned the '551 Patent to Medisense, which then assigned the patent to Abbott Laboratories.

64. The '551 Patent has been in full force and effect since its issuance. Plaintiffs own the entire right, title, and interest in and to the '551 Patent, including the right to sue for past, present, and future infringements thereof.

65. Agamatrix has engaged in one or more acts that constitute infringement of the '551 Patent within the meaning of 35 U.S.C. § 271, including, but not limited to, the sale, offer to sell, use, and importation of the above-described glucose strips and meters.

66. Agamatrix's activities have been without express, or implied, license by Plaintiffs.

67. On information and belief, Agamatrix knew of and willfully and deliberately infringed the '551 Patent.

68. As a result of Agamatrix's infringing conduct, Plaintiffs have suffered irreparable injury for which there is no adequate remedy at law. Plaintiffs will continue to suffer such injury unless Agamatrix's infringement of the '551 Patent is enjoined.

69. Plaintiffs have been damaged, and will be further damaged, as a result of Agamatrix's infringement of the '551 patent, and are entitled to be compensated for such damages in an amount not yet determinable, but which will be determined at trial.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully request that this Court enter judgment in its favor and against Agamatrix and grant the following relief:

A. A judgment that Agamatrix has infringed the '391 Patent in violation of 35 U.S.C. § 271;

B. A judgment that Agamatrix has infringed the '173 Patent in violation of 35 U.S.C. § 271;

C. A judgment that Agamatrix has infringed the '381 Patent in violation of 35 U.S.C. § 271;

D. A judgment that Agamatrix has infringed the '545 Patent in violation of 35 U.S.C. § 271;

E. A judgment that Agamatrix has infringed the '790 Patent in violation of 35 U.S.C. § 271;

F. A judgment that Agamatrix has infringed the '164 Patent in violation of 35 U.S.C. § 271;

G.  A judgment that Agamatrix has infringed the '551 Patent in violation of 35 U.S.C. § 271;

H.  A judgment that Agamatrix's infringement of the '391, '173, '381, '545, '790, '164, and '551 Patents has been willful and deliberate;

I.  A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Agamatrix, and all persons in active concert or participation with them, from any further acts of infringement of the '391, '173, '381, '545, '790, '164, and '551 Patents;

J.  An order, pursuant to 35 U.S.C. § 284, awarding Plaintiffs damages adequate to compensate Plaintiffs for Agamatrix's infringement of the '391, '173, '381, '545, '790, '164, and '551 Patents, in an amount to be determined at trial, but in no event less than a reasonable royalty;

K.  An order, pursuant to 35 U.S.C. § 284, and based on Agamatrix's willful and deliberate infringements of the '391, '173, '381, '545, '790, '164, and '551 Patents, trebling all damages awarded to Plaintiffs;

L.  An order, pursuant to 35 U.S.C. § 284, awarding to Plaintiffs interest on the damages and costs incurred in this action;

M.  An order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Plaintiffs any reasonable attorneys' fees incurred in this action; and

N.  Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment of the Constitution of the United States, Plaintiffs ADC and Abbott demand a trial by jury of all claims and issues triable as of right by jury in this action.

| | |
|---|---|
| 1 | Respectfully submitted, |
| 2   DATED: July 9, 2007 | BAKER BOTTS, LLP |
| 4 | By: _____ |
|  | James W. Cannon, Jr. (*pro hac vice*) |
| 6 | James W. Cannon, Jr. (*pro hac vice*) |
|  | Shannon H. Hutcheson (*pro hac vice*) |
| 7 | Scott D. Powers (*pro hac vice*) |
|  | Paul F. Fehlner (*pro hac vice*) |
| 8 | Lisa D. Tyner (*pro hac vice*) |
| 9 |  |
|  | MUNGER, TOLLES & OLSON LLP |
| 10 |  |
| 11 | Rohit K. Singla |
|  | Jason Rantanen |
| 12 |  |
|  | Attorneys for Plaintiffs |
| 13 | ABBOTT DIABETES CARE INC. and |
|  | ABBOTT LABORATORIES |

## Certificate of Service

I certify that a copy of the foregoing was served on the following counsel for Defendant AgaMatrix via U.S. mail and electronic mail:

> Patrick S. Thompson
> Goodwin Procter LLP
> 101 California Street
> San Francisco, CA 94111
> pthompson@goodwinprocter.com
>
> J. Anthony Downs
> Shirley Sperling Paley
> Goodwin Procter LLP
> 53 State Street
> Exchange Place
> Boston, MA 02109
> jdowns@goodwinprocter.com
> spaley@goodwinprocter.com

I certify under the penalty of perjury that the foregoing is true and correct. Executed on July 9, 2007 in Austin, Texas.

By: _____