**United States District Court**
For the Northern District of California

**\*E-FILED 8/29/07\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ABBOTT LABORATORIES, et al.,
                  Plaintiffs,

    v.

AGAMATRIX, INC,

            Defendant.

_____/

NO. C 06-7268 JF (RS)

**ORDER RE PROTECTIVE ORDER**

By joint letter brief the parties have presented for resolution by the Court a dispute over the appropriate form of a protective order to be entered in this action. The matter was argued on August 28, 2007. The Court concludes the following:

    1. Abbott has shown that disclosure of "highly confidential" information to three of its "in-house" attorneys is appropriate. The specified attorneys are part of an "Intellectual Property Litigation group" that is solely responsible for managing and participating in litigation matters on behalf of Abbott, with no role in competitive decision-making or patent prosecution. Although Agamatrix insists that Abbott uses its patent portfolio and the litigation process as part of its competitive strategy such that those lawyers *are* involved in competitive decision-making, the same could be said of almost *any* attorneys, in-house or outside counsel, that regularly represent a client in multiple matters.

    2. Agamatrix has not shown that disclosure of "highly confidential" information to its sole

1

United States District Court

For the Northern District of California

in-house counsel is appropriate.  While the resulting hardship to Agamatrix is regrettable, there is no real dispute that its counsel is involved in all aspects of the company's operations including matters implicating competitive decision making.  See *Brown Bag Software v. Symantec Corp*., 960 F.2d 1465, 1471 (9th Cir. 1992) (holding it proper to restrict sole general counsel from directly reviewing opposing party's trade secrets because counsel would otherwise be "in the 'untenable position' of having to refuse his employer legal advice on a host of contract, employment, and competitive marketing decisions lest he improperly or indirectly reveal [the] trade secrets.").

3.  Although these conclusions mean that Abbot's in-house counsel will have access to highly-confidential materials while in-house counsel for Agamatrix will not, that asymmetry is an unavoidable consequence of the parties' respective decisions as to the functions their in-house counsel perform.  That Agamatrix may not be in a position to hire additional in-house attorneys focused solely on litigation is simply a matter of its circumstances, and does not render the conclusions reached herein inequitable or unjust.  Conversely, it *would* be inequitable and unjust to deprive Abbott of the ability to have the specified members of its in-house litigation group review highly confidential materials just because it is litigating against an entity with fewer resources.  This is not a circumstance where it would be proper for the Court to "level the playing field" to account for the relative size and wealth of the litigants.

4.  The proposed protective order submitted by Abbot appears to preclude Agamatrix's in-house counsel from reviewing materials designated as "confidential" and well as those designated "highly confidential."  That restriction is inappropriate, and the form should be revised accordingly. Additionally, the proposed protective order submitted by Abbot calls for its in-house attorneys to attest that they are not "directly" involved in competitive decision-making.  That language is overly equivocal or evasive, and should be replaced with language more like that proposed by Agamatrix. The parties shall meet and confer to prepare a revised proposed protective order consistent with this opinion.

5.  Particularly in view of the fact that Agamatrix's in-house counsel will be restricted from viewing "highly-confidential" information, the parties are strongly cautioned to exercise extreme care in so designating any information during the course of this litigation.  That designation should

2

1   be used as sparingly as possible, and only where clearly warranted.  The parties will also be

2   expected to cooperate and to negotiate in good faith on a case-by-case basis, should specific

3   instances arise where it might be appropriate to make an exception for certain documents or

4   categories of information.

5

6   IT IS SO ORDERED.

7   Dated: August 28, 2007

8   RICHARD SEEBORG
     United States Magistrate Judge

**United States District Court**
For the Northern District of California

ORDER RE PROTECTIVE ORDER
C 06-7268 JF (RS)

3

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

2   James W. Cannon , Jr    jim.cannon@bakerbotts.com, lisa.bosman@bakerbotts.com

3   J. Anthony Downs    jdowns@goodwinprocter.com

4   Shannon Harpold Hutcheson    shannon.hutcheson@bakerbotts.com

5   Shirley Sperling Paley    spaley@goodwinprocter.com

6   Nicole Elise Perroton    nperroton@goodwinprocter.com, lthomas@goodwinprocter.com

7   Scott Daniel Powers    scott.powers@bakerbotts.com

8   Jason Rantanen    jason.rantanen@mto.com, dolores.reyes@mto.com

9   Rohit K. Singla    singlark@mto.com, steven.uhrig@mto.com

10   Patrick Shaun Thompson    pthompson@goodwinprocter.com

11

12   Counsel are responsible for distributing copies of this document to co-counsel who have not
registered for e-filing under the Court's CM/ECF program.

13

14   **Dated: 8/29/07**                                   **Chambers of Judge Richard Seeborg**

15

16                                                          **By:**        **/s/ BAK**

17

18

19

20

21

22

23

24

25

26

27

28

ORDER RE PROTECTIVE ORDER
C 06-7268 JF (RS)