ROHIT SINGLA (#213057)
MUNGER, TOLLES & OLSON LLP
560 Mission Street
San Francisco, CA 94105
Telephone: (415) 512-4000
Facsimile: (415) 512-4077
*Email: rohit.singla@mto.com*

IAN J. MILLER (#257429)
CHANTAL MORGAN D'APUZZO (#252223)
MUNGER, TOLLES & OLSON LLP
355 S. Grand Ave., 35th Fl.
Los Angeles, CA 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702
*Email: ian.miller@mto.com
         chantal.dapuzzo@mto.com*

Attorneys for Plaintiffs
ABBOTT DIABETES CARE INC.
AND ABBOTT LABORATORIES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ABBOTT DIABETES CARE INC. AND ABBOTT LABORATORIES,<br><br>Plaintiffs,<br><br>vs.<br><br>AGAMATRIX, INC.,<br><br>Defendant. | CASE NO. C 06-07268-JF (PVT)<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY**<br><br>Referred to Hon. Patricia V. Trumbull for Discovery Matters |

Plaintiffs Abbott Diabetes Care and Abbott Laboratories and Defendant AgaMatrix, Inc. have each retained or anticipate that they will retain experts to be designated as testifying experts ("Retained Experts") in the matter referenced above.

The parties recognize that their Retained Experts' investigation and development of their opinions can become unnecessarily inhibited and costly if their work product, such as drafts of reports and notes, is broadly discoverable.

Amendments to Rule 26 of the Federal Rules of Civil Procedure to take effect on December 1, 2010 restrict discovery into draft expert reports and communications between experts and retaining counsel in recognition of the problems associated with broad discovery of these materials.

Accordingly, the parties do hereby stipulate and agree that the version of Rule 26(b)(4) to take effect on December 1, 2010, a copy of which is attached as Exhibit A, shall be in effect as between the parties when this stipulation is filed with the Court.

DATED: August 9, 2010

MUNGER, TOLLES & OLSON LLP
ROHIT SINGLA
IAN MILLER
CHANTAL MORGAN D'APUZZO


By: _____/s/ Ian Miller_____
           IAN J. MILLER

Attorneys for Plaintiffs ABBOTT DIABETES CARE INC. and ABBOTT LABORATORIES

DATED: August 9, 2010

GOODWIN PROCTER LLP
J. ANTHONY DOWNS
ROLAND H. SCHWILLINSKI
GAURI M. DHAVAN


By: __/s/ Roland Schwillinski_____
         ROLAND H. SCHWILLINSKI

Attorneys for Defendant AGAMATRIX, INC.

11354763.4

STIPULATION AND [PROPOSED] ORDER
REGARDING EXPERT DISCOVERY
CASE NO. C 06-07268-JF (PVT)

1   Having reviewed the stipulation of the parties and good cause appearing, IT IS
2   HEREBY ORDERED that the version of Rule 26(b)(4) to take effect on December 1, 2010, a
3   copy of which is attached as Exhibit A, shall be in effect as between the parties.

DATED: August __10__, 2010          By: _/s/ Patricia V. Trumbull_
                                        Honorable Patricia V. Trumbull
                                        United States Magistrate Judge

# EXHIBIT A

# AMENDMENTS TO THE FEDERAL RULES OF CIVIL PROCEDURE

**Rule 8. General Rules of Pleading**

* * * * *

**(c) Affirmative Defenses.**

    **(1) *In General.*** In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by fellow servant;

2          FEDERAL RULES OF CIVIL PROCEDURE

- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver.

*****

**Rule 26. Duty to Disclose; General Provisions Governing Discovery**

**(a) Required Disclosures.**

*****

    **(2)** *Disclosure of Expert Testimony.*

        **(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of

FEDERAL RULES OF CIVIL PROCEDURE 3

any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

**(B)** *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report — prepared and signed by the witness — if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

4      FEDERAL RULES OF CIVIL PROCEDURE

      **(ii)** the facts or data considered by the witness in forming them;

      **(iii)** any exhibits that will be used to summarize or support them;

      **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;

      **(v)** a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

      **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

  **(C)** *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not

FEDERAL RULES OF CIVIL PROCEDURE            5

required to provide a written report, this disclosure must state:

**(i)** the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

**(ii)** a summary of the facts and opinions to which the witness is expected to testify.

**(D)** *Time to Disclose Expert Testimony.* A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:

**(i)** at least 90 days before the date set for trial or for the case to be ready for trial; or

6            FEDERAL RULES OF CIVIL PROCEDURE

    **(ii)** if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

  **(E)** *Supplementing the Disclosure.* The parties must supplement these disclosures when required under Rule 26(e).

     \* \* \* \* \*

**(b) Discovery Scope and Limits.**

     \* \* \* \* \*

 **(3)** *Trial Preparation: Materials.*

  **(A)** *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for

FEDERAL RULES OF CIVIL PROCEDURE           7

trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:

**(i)** they are otherwise discoverable under Rule 26(b)(1); and

**(ii)** the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

**(B)** *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal

8      FEDERAL RULES OF CIVIL PROCEDURE

      theories of a party's attorney or other representative concerning the litigation.

**(C)** *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:

  **(i)** a written statement that the person has signed or otherwise adopted or approved; or

  **(ii)** a contemporaneous stenographic, mechanical, electrical, or other recording — or a transcription of it —

FEDERAL RULES OF CIVIL PROCEDURE              9

that recites substantially verbatim the person's oral statement.

**(4)** *Trial Preparation: Experts.*

**(A)** *Deposition of an Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

**(B)** *Trial-Preparation Protection for Draft Reports or Disclosures.* Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of the form in which the draft is recorded.

10　　　　FEDERAL RULES OF CIVIL PROCEDURE

**(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses.* Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, except to the extent that the communications:

**(i)** relate to compensation for the expert's study or testimony;

**(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

**(iii)** identify assumptions that the party's attorney provided and that the expert

FEDERAL RULES OF CIVIL PROCEDURE 11

> relied on in forming the opinions to be expressed.
>
> **(D)** *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> **(i)** as provided in Rule 35(b); or
>
> **(ii)** on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

12      FEDERAL RULES OF CIVIL PROCEDURE

> **(E)** *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:
>
> > **(i)** pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (D); and
> >
> > **(ii)** for discovery under (D), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.
>
> \* \* \* \* \*

**Rule 56. Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which